NAKASHIMA CHING LLC
Attorneys at Law

DAVID A. NAKASHIMA   2064
JADE LYNNE CHING      5808
737 Bishop Street, Suite 2090
Honolulu, Hawai`i 96813
Telephone:  808-784-2090
Facsimile:   808-784-2091
E-mail:   dan@nchilaw.com
             jlc@nchilaw.com

Attorneys for Defendant
AIG SPECIALTY INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| FIRST HAWAIIAN BANK, | Case No. _____ |
|---|---|
| Plaintiff, | **DEFENDANT AIG SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**; DECLARATION OF DAVID A. NAKASHIMA; EXHIBIT "A"; CERTIFICATE OF SERIVCE |
| vs. | |
| AIG SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

{00172739;1} 1112-1

## DEFENDANT AIG SPECIALTY INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AIG Specialty Insurance Company ("AIG") hereby gives notice of the removal of the action captioned *First Hawaiian Bank v. AIG Specialty Insurance Company*, Civil No. 1CCV-25-0001011 (the "State Court Action") from the Circuit Court of the First Circuit, State of Hawai`i to the United States District Court for the District of Hawai`i.[1]  As grounds for removal, AIG states as follows:

### I.     STATE COURT ACTION

Plaintiff First Hawaiian Bank ("FHB") filed suit for declaratory relief against AIG on June 18, 2025 (Exhibit "A").  FHB seeks a determination of the applicable retention amount on AIG's Professional Liability Policy, policy no. 01-766-56-08 ("Policy").  The Policy limit is $10,000,000.  FHB claims the applicable retention amount is $1 million (¶ 26), while AIG has determined, among other things, the policy retention amount is $5 Million (¶ 25), for "Lending Acts" under Endorsement 34.

AIG was served with FHB's Complaint on July 23, 2025.

---

[1] AIG submits this Notice of Removal without waiving any defenses to the claims alleged by FHB, without conceding that FHB has pled claims upon which relief may be granted, and without admitting that FHB is entitled to any monetary or equitable relief whatsoever.

**II.    BASIS FOR REMOVAL**

1.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because this State Court Action is between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000.

    **A.    DIVERSITY OF CITIZENSHIP**

2.  Removal is proper based on complete diversity of citizenship between FHB and AIG.

3.  For diversity purposes, the citizenship of a corporation is determined by its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c).  As alleged in the Complaint, FHB is a Hawai`i corporation.  *See* Exhibit A, Complaint, ¶ 1.

4.  There is no dispute that, as alleged in the Complaint (¶ 2), AIG is an Illinois corporation with its principal place of business located in New York City and is therefore a citizen of the State of New York.

5.  Accordingly, there is complete diversity of citizenship between FHB and AIG.

    **B.    AMOUNT IN CONTROVERSY**

6.  The amount in controversy exceeds $75,000 exclusive of interest and costs.  *Cf.* 28 U.S.C. § 1332(a).

7. When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Del Real v. HealthSouth Corp.*, 171 F.Supp.2d 1041, 1043 (D. Ariz. 2001) (where the state court complaint does not specify the amount in controversy, the removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence and if necessary resolve factual disputes). In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

8. In the Complaint, FHB demands declaratory relief and a determination that the retention amount is $1 million while AIG has determined the retention amount is $5 Million, a difference of $4 Million. The amount in controversy therefore exceeds $75,000, exclusive of interest and costs. *See Haskell v. State Farm Mut. Auto. Ins. Co.*, 69 Fed. Appx. 877, 877-78 (9th Cir. July 9, 2003) (unpublished) (affirming amount-in-controversy requirement was met by complaint demanding coverage under insurance policies with limits exceeding $75,000).

**III.   VENUE**

9.   Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Circuit Court of the First Circuit, State of Hawai`i, where this action was filed, is located within the district of the United States District Court for the District of Hawai`i.

**IV.   COMPLIANCE WITH 28 U.S.C. § 1446**

10.   Removal is also proper because AIG has complied with the other procedural requirements associated with removal of this action to federal court.

11.   AIG was served with copies of FHB's Complaint and Summons by email on July 23, 2025.

12.   This Notice of Removal is being filed within thirty days of service of the Complaint and Summons on AIG and is thus timely filed under 28 U.S.C. § 1446(b).

13.   Pursuant to 28 U.S.C. § 1446(a), attached collectively hereto as Exhibit "A" are copies of all process, pleadings, and orders in this matter that have been served upon AIG.

14.   Written notice of the filing of this Notice of Removal will be provided to FHB's counsel as required by 28 U.S.C. § 1446(d).

15. AIG will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the First Circuit, State of Hawai`i as required by 28 U.S.C. § 1446(d).

16. Based on the foregoing, AIG respectfully requests that the State Court Action be removed to the United States District Court for the District of Hawai`i.

DATED: Honolulu, Hawai`i, August 19, 2025.

/s/ David A. Nakashima
DAVID A. NAKASHIMA
JADE LYNNE CHING
Attorneys for Defendant
AIG SPECIALTY INSURANCE COMPANY